# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 17-cr-01803-BAS-1 |
|---|---|
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTION FOR A SENTENCE REDUCTION OR RELEASE TO HOME CONFINEMENT** |
| v. | |
| DANIEL WAYNE ISAAC, | |
| Defendant. | |
| | **[ECF No. 36]** |

Defendant Daniel Isaac files this Motion seeking a sentence reduction or release to home confinement because of the COVID-19 virus. (ECF No. 36.) A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010). A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

However, a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

earlier." *Id.* In other words, Mr. Isaac must first seek compassionate release from the warden of the facility where he is being housed before he turns to the Court for relief.

"Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes. First, it protects administrative agency authority by guaranteeing agencies the 'opportunity to correct [their] own mistakes.'" *United States v. Ng Lap Seng*, __ F. Supp. 3d __, 2020 WL 2301202, at *6 (S.D.N.Y. 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). "Second, it promotes efficiency since claims 'generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Id.* This Court agrees with the vast majority of courts in this circuit that have found such an exhaustion to be mandatory. *See, e.g.*, *United States v. Stanard*, No. CR 16-320-RSM, 2020 WL 1987072, at *4 (W.D. Wash. Apr. 27, 2020); *United States v. Otero*, No. 17-cr-879-JAH, 2020 WL 1912216, at *3 (S.D. Cal. Apr. 20, 2020); *United States v. Allison*, No. CR 16-5207-RBL, 2020 WL 1904047, at *2 (W.D. Wash. Apr. 17, 2020); *United States v. Fuller*, No. CR 17-0324 JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020); *United States .v Aguila*, No. w:16-0046-TLM, 2020 WL 1812159, at *1 (E.D. Cal. Apr. 9, 2020); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020).

Here, Mr. Isaac provides no evidence that he has sought release from the Bureau of Prisons. Therefore, the Court denies the request for a sentence reduction without prejudice.

Additionally, to the extent Mr. Isaac seeks release on home confinement, this Court lacks jurisdiction to transfer him to home confinement, even under the compassionate release provisions. The Attorney General, and, by designation, the Bureau of Prisons, has the exclusive authority to determine custody placements including home confinement. *Reeb v. Thomas*, 636 F.3d 1224, 1226-28 (9th Cir. 2011). "While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per

curiam) (quoting *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984)). To the extent Mr. Isaac is asking to be released on home confinement, he must direct this request to the Bureau of Prisons.

## CONCLUSION

Mr. Isaac's request for a sentence reduction is **DENIED** without prejudice. He must first exhaust his administrative remedies and seek such a compassionate release reduction from the Bureau of Prisons. Additionally, Mr. Isaac's request for release on home confinement is **DENIED**. This Court lacks jurisdiction to grant that request. Again, Mr. Isaac must direct his request to the Bureau of Prisons. In light of this denial, the request for an attorney is also **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: June 22, 2020**

Hon. Cynthia Bashant
United States District Judge